Commissioners of Clermont County *v.* Robb and Ferguson.

A general demurrer to a declaration of several counts, some of which are good, will be overruled.

LIBEL.    The declaration contains two counts.    The

1st. For publishing in the Ohio Sun a libel upon the plaintiff and his *occupancy* of the jail of the county, as follows: "But Mr. New-*braugh became an applicant, and on being told that he was [48 in low circumstances, and, as I then thought, honest, I admitted him to occupy the jail."

2d. For publishing in the same paper of the plaintiff, and of the renting of the jail by the defendant to the plaintiff: "He has put the seal of reprobation upon his own character for truth and verac- ity, and I have been told he is not to be believed even under oath." To this declaration the defendant demurred generally.

*T. Morris,* for the demurrant, insisted that there was no differ- ence between written and oral slander; the charge in each, to sus- tain an action, must be a specific one of some infamous offence.

*Joliffe* and *Fishback,* contra, cited *Starkie on Slander,* 132, 3, 4–6, and 1 *Ch. Pl.,* 577.

---

## COMMISSIONERS OF CLERMONT COUNTY *v.* ROBB AND FERGUSON.

Certiorari—jurisdiction of Supreme Court—county commissioners—error.

The Supreme Court has jurisdiction by certiorari, or other writ, to *enforce* the due administration of right and justice throughout the state.

The provisions of the act of Ohio, which declare that the county commissioners shall audit and adjust claims against the county, and that their decision *shall be final,* does not prevent an examination into the legality of their decision in the Supreme Court.

CERTIORARI to the Court of Common Pleas.    The defendants in error having entered into a contract to build a bridge over the east

Commissioners of Clermont County *v.* Robb and Ferguson.

fork of the Little Miami at Batavia, and having, as they claimed, completed the contract, applied to the commissioners of the county 49] *to accept the bridge and grant orders for the contract price, upon the county treasury. The commissioners having examined the bridge, rejected it as not built according to the contract, and refused the orders. From this decision, an appeal was taken to the Court of Common Pleas. The Commissioners moved to quash the appeal, which motion was overruled. They then moved for a rule upon the claimants to file a declaration preparatory to making up an issue, and a trial to the jury, which was also overruled. The court then proceeded upon the transcript sent up by the commissioners, without issue, or *other evidence*, adjudged that the covenants in the contract were independent, gave *judgment* in favor of the claimants for $963.63, the balance of the contract price for erecting the bridge, and ordered the commissioners to *issue an order in favor of the claimants, for said sum, upon the county treasury.*

*T. Morris,* for the defendants, moved to dismiss the certiorari, for want of jurisidiction in the court, and cited 29 *O. L.* 269, that the decision of the Common Pleas should be final.

*Fishback,* contra, cited 29 *O. L.* 269, 356, 364.

BY THE COURT. This Court has jurisdiction to issue writs of certiorari, and all other writs not specially provided for, necessary to enforce the due administration of justice and right throughout the state; 29 *O. L.* 56. The writ has been long in common use, both to examine the proceedings of justices, those of the county commissioners, and such proceedings of the Court of Common Pleas as are not properly reached by a writ of error. The provision relied upon in favor of the motion, 29 *O. L.* 269, that the decision of the court in such cases "shall be final," does not affect the right to inquire whether their decision has been *legally made.* The provision for a writ of error, 26 *O. L.* 77, is that final judgments shall he examined upon writs of error, &c. Appeals are taken from *final judgments.* The terms, *shall be final,* must be understood as describing judgments which are legally made, and cannot be understood as legalizing a judgment otherwise without legal efficacy. Motion overruled.

*Hamer* and *Fishback,* for the commissioners, insisted upon the following errors of the Common Pleas:

1. The refusing the rule on the plaintiffs for a declaration.

2. The refusing a jury to try the facts in dispute.

3. In rendering a judgment *without evidence.*

4. In *ordering* the commissioners to issue an order upon the county treasurer for the amount adjudged.

*Marshall* and *T. Morris* for the defendants in error.

Commissioners of Clermont County *v.* Robb and Ferguson.

*COLLETT, J. inclined to the opinion that there was no error [**50** in the proceedings of the Court of Common Pleas, and that, under the statute, the court had a right to proceed in a summary way to judgment, without pleading, issue, or jury, and therefore that the judgment and order should be affirmed.

WRIGHT, J. was of opinion that the proceedings below were erroneous. The going on to try and settle a cause without issue or jury where the facts were litigated and in dispute, he understood to be a violation of the 8th section of the 8th article in the constitution, which provides, "that the right of trial by jury shall be inviolate." He was unwilling to construe a legislative act so as to lead to that result, if it could be avoided. If the contradiction between the legislative provision and the constitution is palpable, he would feel bound by the constitution, as of paramount authority. It is doubtful if the statutory provision in the 29 *O. L.* 269, *sec.* 16, embraces any claim against the county, the corporate body which the commissioners represent, or if it does more than provide for *appeals*, where the commissioners act exclusively upon the interest of third persons. It would be a singular state of things if the county, or its officers, the commissioners, should be deprived of power to litigate claims upon the county, because they had refused to pay the demand, on the ground that it was unjust, because the law made it the duty of the commissioners to audit and adjust it, if valid. No express provision is found for appealing a cause situated like this, and it would be better to leave the claimants to the ordinary course of suit, to settle their demand. But, if the law does embrace this case, then it would be better to compel the parties to make up an issue, and go to trial before a jury, as other parties are in other suits. The order of the court, in directing an order to the commissioners, to issue an order upon the treasurer to pay the money, is without authority, and erroneous. I think the whole proceedings erroneous.

The Court being divided in opinion, the case was *reserved* for the Court in Bank. That court reversed the judgment of the Court of Common Pleas. Reserved to Court in Bank and reported in 5 *O.* 490.